IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JUAN BUSTOS CARBAJAL,                       §
                                            §
                    *Petitioner*,           §
                                            §
v.                                          §          No. 1:26-CV-00597-DAE
                                            §
PAMELA BONDI, *et al.*,                     §
                                            §
                    *Respondents*.          §

## ORDER

Before the Court is Petitioner Juan Bustos Carbajal's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on March 12, 2026. (Dkt. # 1).

Under 28 U.S.C. § 2243, a court:

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243. Petitioner has alleged that he is entitled to a writ because his detention violates his right to due process, the Immigration and Nationality Act ("INA"), principles of judicial estoppel, and agency regulations. (Dkt. # 1.)

1

The Court will therefore order Respondents Pamela Bondi, Attorney General, United States; Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); Todd Lyons, Acting Director, Immigration and Customs Enforcement ("ICE");  Sylvester Ortega, Field Office Director, San Antonio Field Office, U.S. Immigrations and Customs Enforcement; and Charlotte Collins, Warden of the T. Don Hutto Detention Center (collectively, "Respondents") to show cause within the next three days as to why Petitioner's writ should not be granted in accordance with § 2243.

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Dustin Howell, (Dkt. # 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge David Alan Ezra.

**IT IS ORDERED** that The Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Warden of T. Don Hutto Detention Center with copies of the Petition

for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that <u>Respondents show cause in writing **on or before March 20, 2026**</u>, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus.  28 U.S.C. § 2243.  Should Petitioner wish to file a reply, such a <u>reply is due **on or before March 27, 2026.**</u> At this time, the Court will not plan to set a hearing on this matter, but, **on or before March 20, 2026,** either party may request a hearing to be scheduled after briefing is complete.  Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243.  The Court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed.  <u>See</u> <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); <u>cf.</u> <u>Brownback v. King</u>, 592 U.S. 209, 218-19 (2021).  This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case.  <u>See</u>

3

Santiago v. Noem, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex.

Sept. 9, 2025) (collecting cases). [1]

      **IT IS SO ORDERED**.
      **DATED**: Austin, Texas, March 17, 2026.

_____
David Alan Ezra
Senior United States District Judge

---

[1] In issuing this order, the Court acknowledges a recent, unpublished opinion issued by the Fifth Circuit, Imran v. Harper, No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026). In that case, the Fifth Circuit held that the district court lacked jurisdiction to grant the petitioner's request for a stay of removal, finding that the petitioner's request was a challenge to a removal order and was thereby barred by 8 U.S.C. § 1252(g). Id. at *1. However, in Imran, the petitioner was subject to a removal order and sought relief from that pending order. Imran v. Harper, No. 1:25-cv-00841-DDD-JPM, Dkt. # 1 at 5, 8, 14 (W.D. La. June 16, 2025). Here, on the other hand, Petitioner is not subject to a removal order and is instead challenging the lawfulness of his detention during ongoing removal proceedings. (Dkt. # 1 at 7.) Accordingly, by ordering Respondents not to remove Petitioner from the United States or transfer Petitioner out of the Division during the pendency of this litigation, the Court is not preventing the execution of a removal order but rather preserving its ability to hear the case in the near term, which it is permitted to do. See United Mine Workers, 330 U.S. at 293; United States v. Shipp, 203 U.S. 563, 573 (1906); see also Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) (explaining § 1252(g) bars the court's jurisdiction only with respect to the three discrete actions mentioned in the statute); Cardoso v. Reno, 216 F.3d 512, 516–17 (5th Cir. 2000) (noting that § 1252(g) does not prohibit courts from reviewing a noncitizen detention order).